IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Dry Enterprises, Inc., et al.,** | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| vs. | ) | No. 07 C 1657 |
| | ) | |
| **Sunjut AS, et al.,** | ) | Judge Kendall |
| | ) | |
| *Defendants*. | ) | Magistrate Judge Cole |
| | ) | |
| | ) | |
| **Sunjut AS, et al.,** | ) | |
| | ) | |
| *Counter-Plaintiffs*, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **Dry Enterprises, Inc., et al.,** | ) | |
| | ) | |
| *Counter-Defendants*. | ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT CINAR'S
MOTION TO DISMISS COUNTS V, VI AND VII**

In their Complaint, Plaintiffs Dry Enterprises, Inc., Sunpack Pacific, LLC, Steven E. Dry, and Hakan Hazneci, (collectively "Dry") bring, among other things, claims of Defamation (Count VII), Tortious Interference with Prospective Economic Advantage (Count V), and Interference with Contract (Count VI) against Defendants including Yasemin Cinar ("Cinar"). Plaintiffs sued Cinar because she made false and injurious statements to Plaintiffs' customers and suppliers about Dry. Because Plaintiffs have validly stated claims upon which relief can be granted, this Court should deny Cinar's motion to dismiss those claims and require Cinar to answer the Complaint. Cinar's motion to dismiss fails for two reasons. First, Plaintiffs have adequately pleaded a claim for defamation. Contrary to Cinar's assertion, Plaintiffs' Complaint identifies with sufficient specificity Cinar's defamatory statements to Dry suppliers and

customers. Plaintiffs' allegations leave no room for legitimate doubt about the nature of Dry's claim and are more than sufficient to enable Cinar to formulate a responsive pleading. Second, in asserting that Dry has failed to plead a claim for tortious interference with prospective business relations and current contractual relations because Cinar's defamatory statements were directed at Sunjut's European branches and not a third party, Cinar ignores Plaintiffs have alleged that (1) Cinar made false statements to Dry customers and suppliers outside Sunjut and (2) the requirement that the interference must be directed to a third party simply means that the acts must be aimed at parties other than Dry. Because Dry has sufficiently pled that Cinar intentionally interfered with Dry's legitimate business expectations, Dry has stated a claim, and this Court should deny Cinar's motion to dismiss in its entirety.

**Background**

In late 2006, the business relationship between Dry and Sunjut A.S. soured when Defendants – including Sunjut A.S. Sales Director Yasemin Cinar – began engaging in a course of conduct designed to irreparably damage Dry's business. Defendants' unlawful conduct included a tirade of false and defamatory remarks and emails to Plaintiffs' long term suppliers and customers in an effort to cause harm to Plaintiffs and usurp customers. (Complaint ¶¶ 97, 100-102). Cinar also contacted Sunjut A.S.'s branch offices in Europe to tell them to no longer provide assistance to Dry. (Complaint ¶105). She did so to harm Plaintiffs and to divert business from Dry to Sunjut A.S. (Complaint ¶106). Despite repeatedly asking Cinar and other Defendants to cease their misconduct, Defendants refused, and the instant lawsuit ensued.

On March 23, 2007, Plaintiffs filed a seven-count Complaint against Cinar and other Defendants alleging, among other things, Tortious Interference with Prospective Economic Advantage (Count V), Interference with Contract (Count VI), and Defamation (Count VII). The

Complaint details the defamatory statements made by Cinar and other Defendants. By making those false and disparaging remarks, Cinar impugned Dry's business integrity and reputation, defamed Dry and tortiously interfered with Dry's prospective and contractual business relations.

## Argument

This Court should deny Cinar's motion to dismiss because Plaintiffs have adequately pleaded that Cinar defamed Dry and tortiously interfered with Dry's prospective business and current contractual relations.

The crux of Cinar's argument, that Dry has failed to allege sufficient facts to support its claims is simply untrue. Plaintiffs have pleaded claims and included sufficient facts in their Complaint to meet liberal Federal notice pleading standards:

> Federal complaints plead claims rather than facts. The appendix to the Rules of Civil Procedure contains models that illustrate the short and simple allegations that Fed. R. Civ. P. 8(a) calls for. It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate. A full narrative is unnecessary. Details come later, usually after discovery….

*Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir. 2006).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). "Whether a complaint sufficiently states a claim turns on whether it meets the general rules of pleading a claim for relief. Rule 8(a)(2) . . . requires that a complaint contain 'a short and plain statement of the claim showing the pleader is entitled to relief.'" *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005) (quoting Fed. R. Civ. P. 8(a)(2) and reversing dismissal of action). Thus, "[a] complaint states a claim on which relief may be granted whether or not some defense

is potentially available. This is why complaints need not anticipate and attempt to plead around defenses." *United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004).

In all these respects, and as the Supreme Court recently ruled in *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007):

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss *does not need detailed factual allegations*, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Factual allegations must be enough to raise a right to relief above the speculative level*, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1964-65, 167 L. Ed. 2d at 940 (citations omitted and emphasis added); *see Machinery Movers v. Nationwide Life Ins. Co.*, No. 03 C 8707, 2006 U.S. Dist. LEXIS 77404, at *12 (N.D. Ill. Oct. 10, 2006) (Kendall, J.) ("When considering a motion under Rule 12(b)(6), a court must take as true all facts alleged in the complaint, and construe all reasonable inferences in favor of the plaintiff."); *see, e.g., Powell v. Omeke*, No. 06 C 5940, 2007 U.S. Dist. LEXIS 37545, at *4 (N.D. Ill. May 21, 2007) (denying motion to dismiss where "the complaint articulates a colorable—if borderline—. . . cause of action"). In sum, under *Twombly*, the Supreme Court now requires of a plaintiff "*only enough facts to state a claim to relief that is plausible on its face*." *Id.* at 1974, 167 L. Ed. 2d 949. Plaintiffs have more than satisfied this standard for its defamation and tortious interference claims, and this Court should deny Cinar's motion in its entirety.

**I.     Dry Has Stated a Claim for Defamation Against Cinar.**

Cinar asserts that Plaintiffs' defamation claim (Count VII) against her fails because their allegations do not satisfy the federal pleading requirements. This is wrong. At this early stage of the proceedings, Plaintiffs' allegations provide Cinar with adequate notice of the defamation claims against her such that she can answer the Complaint. To adequately plead their defamation

-4-

claim, Plaintiffs needed only to state the substance of the statements Cinar made, as the "exact details of the exchange may be discerned through discovery." *Chisholm v. Foothill Capital Corp.*, 940 F. Supp. 1273, 1285 (N.D. Ill. 1996). Indeed, all that is necessary at this stage is that Cinar be able to understand the nature of the claim and be able to file a responsive pleading. *Wilton Partners III LLC* v. *Gallagher,* No. 03 C 1519, 2003 U.S. Dist. LEXIS 21899, at *16 (N.D. Ill. 2003). Plaintiffs have identified the individuals who made the statements (Cinar), to whom they were made (Dry's customers and suppliers), when they were made (in late 2006) and the context in which they were made (in the context of destroying Dry's business relationships with its long term suppliers and customers in an effort to cause harm to Dry and usurp customers). Under the law in this district, that is all Plaintiffs were required to plead. *See e.g.*, *Guy* v. *Illinois,* 958 F. Supp. 1300, 1311-12 (N.D. Ill. 1997) (plaintiffs stated defamation claim because complaint "sufficiently allege[d] the substance of defendants' statements"); *Landmark Document Servs., LLC v. Omega Litig. Solutions, LLC*, No. 05 C 7300, 2006 U.S. Dist. LEXIS 71211, at *9-10 (N.D. Ill. September 29, 2006) (denying motion to dismiss defamation claim where complaint "identifie[d] the type of statements made, and describe[d] the third parties to whom the statements were made with enough detail to put Defendants on notice of nature of Plaintiff's claim").

      Contrary to Cinar's suggestion that Plaintiffs' complaint had to set forth Cinar's defamatory statements verbatim, numerous courts in this district have held that a Federal complaint need not quote defamatory language. *See Wilton Partners,* 2003 U.S. Dist. LEXIS 21899, at * 16 ("defamatory language need not be quoted verbatim. Rather, an allegation is sufficiently specific if it allows the defendant to understand the nature of the claim and form a responsive pleading"); *Chisholm*, 940 F. Supp. at 1284 ("Courts in this district ... have held that

the defamatory language need not be quoted verbatim"); *Guy,* 958 F. Supp. at 1311 (same); *Cozzi v. Pepsi-Cola Gen. Bottlers*, No. 96 C 7228, 1997 U.S. Dist. LEXIS 7755, at *17 (N.D. Ill. May 30, 1997) (same). Indeed, "[w]ithout the benefit of discovery, it is not necessary for [plaintiffs] to state precisely who said what to whom." *Socorro v. IMI Data Search, Inc.,* No. 02 C 8120, 2003 U.S. Dist. LEXIS 7400, at *7 (N.D. Ill. April 28, 2003) (denying motion to dismiss defamation claim and noting that verbatim pleading is not required).

Defendant Cinar primarily relies on *Levitt v. S.C. Food Service, Inc.*, 820 F. Supp. 366 (N.D. Ill. 1993) to support her argument that Plaintiffs allegations are not sufficient to state a claim for defamation. The facts of *Levitt,* however, are distinguishable. In *Levitt*, the defendant employer brought a counterclaim against the plaintiff, alleging defamation per se, due to a line on plaintiff's resume stating that "new management led to the dismissal of non-Oriental employees." *Levitt*, 820 F. Supp. at 367. In its counterclaim, however, instead of repeating this statement, Defendant simply alleged that the plaintiff "reiterated said accusation identified in paragraph 7 to some or all of the companies with whom [plaintiff] interviewed." *Id*. at 368. In granting plaintiff's motion to dismiss defendant's defamation counter-claim, the court held that defendant failed to allege the substance of the defamatory statement, and that a vague reference to allegations set forth elsewhere in the Complaint was not sufficient. *Id*.

The two additional cases Cinar cites are also distinguishable. In *Woodard v. American Family Mut. Ins. Co.*, 950 F. Supp. 1382, 1388 (N.D. Ill. 1997), defendants moved to dismiss the defamation claim because plaintiffs wholly failed to identify libelous material. Significantly, plaintiffs did not even oppose the motion to dismiss. *Id.* Similarly, in *Seaphus v. Lilly*, 691 F. Supp. 127, 134 (N.D. Ill. 1988), the Court dismissed plaintiff's defamation claim because he

-6-

failed to submit any description whatsoever of the derogatory comments that the defendants allegedly made.

Unlike the allegations in *Levitt*, *Seaphus,* and *Woodard*, Plaintiffs in this case clearly alleged the substance of Cinar's defamatory statements in their Complaint. In their Complaint, Plaintiffs alleged that Cinar and her co-defendants directed a tirade of false and defamatory remarks and emails to Plaintiffs' long term suppliers and customers in an effort to cause harm to Plaintiffs and usurp customers. (Complaint ¶¶ 97, 100-102). In addition, Plaintiffs allege Cinar contacted Sunjut A.S.'s branch offices in Europe to tell them to no longer provide Plaintiffs with assistance to harm Plaintiffs and to divert business from Dry to Sunjut A.S. (Complaint ¶105-06). In Count VII of the Complaint, Plaintiffs also allege "Defendants have falsely stated that [Plaintiffs] have acted unlawfully towards Sunjut A.S., and that Steven Dry and Hazneci have stolen from Sunjut A.S., and that [they] have acted for greed or for personal benefit against Sunjut A.S." (Complaint ¶152). Finally, Plaintiffs allege that Defendants "falsely stated that Sunpack Pacific is attempting to divert business from Sunjut A.S. to Sunpack Pacific." (Complaint ¶153). Accordingly, Cinar's reliance on the three decisions she cites is misplaced because those cases did not involve complaints as thorough as the one in this case.

Apparently recognizing that the Complaint identifies Cinar's defamatory statements with sufficient specificity, Cinar suggests that Plaintiffs' Complaint is deficient because it only refers to her in two paragraphs (Complaint ¶105-106). This argument improperly ignores Plaintiffs' detailed allegations against Cinar set forth elsewhere (and incorporated into each Count) in the Complaint. When analyzing a Complaint, courts consider the complaint as a whole (including facts alleged in other parts of the complaint) in deciding whether any particular count survives a Rule 12(b)(6) motion. *See Siakpere v. Boucher*, No. 84 C 6768, 1986 U.S. Dist. LEXIS 25878,

at *12, *16 (N.D. Ill. May 5, 1986) (recognizing that "under the liberal standards embodied in the Federal Rules of Civil Procedure, the court should consider all parts of a complaint when searching for the particulars needed to plead a claim for relief" and denying a motion to dismiss where, viewing plaintiff's "complaint as a whole under the 'notice pleading' principles of the federal rules, the defendant has fair notice of the plaintiff's claim"). Furthermore, incorporation by reference is permissible under the federal rules, *see Siakpere,* 1986 U.S. Dist. LEXIS 25878, at *16, and Cinar does not (and cannot) contend otherwise. Thus, Plaintiffs' defamation allegations are more than specific enough to permit Cinar to "understand the specific nature of the claim and form a responsive pleading," which is all that the Federal Rules require. *Socorro*, 2003 U.S. Dist. LEXIS 7400, at *7. Accordingly, Cinar's motion should be denied in its entirety.

II. **Plaintiffs Have Stated Claims For Tortious Interference With Prospective Economic Advantage And Contractual Relations.**

Defendant Cinar next argues that Plaintiffs have failed to state a claim for both tortious interference with prospective economic advantage (Count V) and tortious interference with contractual relations (Count VI). To state a claim for tortious interference with prospective economic advantage, a plaintiff must allege: "(1) a reasonable expectation of entering into a valid business relationship; (2) defendants' knowledge of this expectation; (3) defendants' purposeful interference that prevents the plaintiff's legitimate expectation from becoming a valid business relationship; and (4) damages." *Cody* v. *Harris,* 409 F.3d 853, 859 (7th Cir. 2005) (citing *Fellhauer* v. *City of Geneva,* 142 Ill. 2d 495, 568 N.E.2d 870, 878 (1991)). The elements for showing tortuous interference with contractual relations are similar. *See HPI Health Care Services, Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill. 2d 145, 545 N.E. 2d 672, 676 (Ill. 1989).

CH1 11242825.2

Cinar does not dispute that Plaintiffs have alleged the first, second and fourth elements. The only issue before the Court is whether Plaintiffs have pleaded sufficient facts to make out the third element of interference. In this respect, Cinar asserts that Plaintiffs' Complaint is faulty because they have failed to allege that Cinar's acts were directed at a third party since Sunjut's European branches are not third parties for purposes of tortious interference.

Cinar's argument is without merit. Though conveniently ignored by Cinar, Plaintiffs have alleged that she made disparaging remarks about Dry to entities completely separate and apart from Sunjut A.S. As previously explained, Plaintiffs alleged that Cinar defamed Dry with its long term suppliers and customers to harm Plaintiffs and usurp customers. (Complaint ¶¶ 97, 100-102). These allegations are sufficient to make out the third element of interference all on their own. Put plainly, Plaintiffs have alleged that Cinar published her defamatory comments about Dry to third parties. Thus, Cinar's motion to dismiss should be denied in its entirety.

In any event, even if the Court found that Plaintiffs only alleged Cinar defamed Plaintiffs with Sunjut's European branches, Plaintiffs still meet the requirements for tortious interference. The requirement that the interference must be directed to a third party simply means that the acts must be aimed at parties other than the plaintiff. *See Skopp v. First Federal Savings*, 189 Ill. App. 3d 440, 545 N.E.2d 356, 362 (1st Dist. 1989) ("[i]nducement to breach a contract involves acts aimed at third parties other than the plaintiff which cause those parties to breach a contract held by the plaintiff"). Here, although Cinar is the Sales Director for Sunjut A.S., her employment with the Company does not render her a party to the contract between Plaintiffs and Sunjut A.S.'s European branch offices. Therefore, Cinar's statements were directed to a third party, namely, the European Branch offices of Sunjut A.S.

Cinar tries to avoid this result by citing *Fuller v. Chicago College of Osteopathic Medicine*, 719 F.2d 1326, 1331 (7th Cir. 1983), where the Seventh Circuit held that corporate officers were not outsiders for the purposes of tortuous interference.  But that case is inapplicable here because Cinar is not a corporate officer, but is merely a sales agent.  Furthermore, Cinar does not hold a policy making position.  Therefore, she is not privileged to act on behalf of the corporation.  *Cf. Id.* ("[s]ince officers hold policy-making positions, their freedom of action aimed toward corporate benefit should not be curtailed by fear of personal liability").  This conclusion is consistent with what one would expect: if all employees of a corporation were excluded from the definition of "outsider," there would have been no need for the courts to carve out a "corporate officer" exception.  Therefore, because Defendant Cinar's intentional and unjustifiable interference with Plaintiffs' business relations was in fact directed to a third party, Plaintiffs have alleged facts sufficient to support a cause of action for both tortious interference with prospective economic advantage and tortious interference with contract.

## Conclusion

The Defendant has failed in her burden to show that the Plaintiffs did not allege enough facts to raise a right to relief above the speculative level.  Accordingly, Plaintiffs respectfully request that this Court deny Defendant's Motion to Dismiss Counts V, VI, and VII of Plaintiffs' Complaint.

**DATED: June 26, 2007**          Respectfully submitted,

                                   DRY ENTERPRISES, INC., SUNPACK
                                   PACIFIC, LLC, STEVEN E. DRY, AND
                                   HAKAN HAZNECI,


                                   By____s/Frank A. Bear_____
                                         One of their Attorneys

Daniel F. Lanciloti
Frank A. Bear
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

## CERTIFICATE OF SERVICE

I, Frank A. Bear, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing ***Plaintiffs' Response In Opposition To Cinar's Motion To Dismiss Counts V, VI, and VII,*** to be served on the following via the electronic filing system which will send notice of this filing to:

> William J. Holloway
> Michael J. Leech
> Kourtney A. Mulcahy
> Evan D. Brown
> HINSHAW & CULBERTSON LLP
> 222 North LaSalle Street
> Chicago, Illinois 60601-1081

                                      ___s/Frank A. Bear_____

CH1 11242825.2