IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DRY ENTERPRISES, INC., et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 07 C 1657 |
| | ) | |
| SUNJUT AS, et al., | ) | |
| | ) | |
| Defendants. | ) | Judge Kendall |
| | ) | |
| SUNJUT AS, et al. | ) | Magistrate Judge Cole |
| | ) | |
| Counter-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STEVEN E. DRY, et al. | ) | |
| | ) | |
| Counter-Defendants. | ) | |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS OF DEFENDANT YASEMINE CINAR**

The claims against Defendant Yasemine Cinar are that she defamed Plaintiffs and interfered with their relationships with unidentified customers and certain Chinese suppliers. However, the only accusation leveled against her directly is the claim that she, the Sunjut Sales Director (Complaint, ¶13), "contacted Sunjut A.S.'s branch offices in Europe to tell them to no longer provide assistance to Dry Enterprises or Hazneci." (Complaint, ¶105) The motion is well-taken because there are no specific allegations of what, if anything, Defendant Cinar herself did that forms the basis of the action being brought against her and because the single internal communication alleged is neither defamatory nor an act of interference with contract or prospective economic advantage. There is no legitimate reason for her to be sued personally in federal court in Chicago.

I. **BROAD-BRUSH ALLEGATIONS NOT LEGALLY SUFFICIENT TO STATE A CLAIM**

Much of the response to the motion is devoted to an attempt to evade the requirement of alleging any facts personal to this particular defendant and to rely on broad brush allegations. For each of the claims asserted, the argument is unavailing. There are a number of instances in which other defendants are alleged to have contacted customers and suppliers of Plaintiffs with what are alleged to have been improper communications. If they believed that Defendant Cinar participated in those activities, they could have (within the bounds of Rule 11) alleged that this was the case.

As the Court of Appeals observed in *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007):

> In *Bell Atlantic Corp. v. Twombly,* --- U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court wrote that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...."*Id.* at 1964-65 (citations omitted).

Here, it is impossible to know who any particular defendant allegedly contacted, what was allegedly said, when the communication allegedly took place, and which of the alleged false statements described (acting unlawfully, stealing, being greedy, or attempting to divert business) it is claimed were made by that defendant. It is impossible to know whether the unidentified statements relied upon by Plaintiffs are susceptible of an innocent construction. It is impossible to know what particular third party or parties were the subject of the alleged interference and what loss, if any, resulted from the particular acts of interference claimed to have been perpetrated by the individual defendants.

### A. Defamation Allegations Are Insufficient

As Defendants have previously argued, The federal rules require plaintiffs alleging libel or slander to recite the precise language alleged to be defamatory. *Levitt v. S.C. Food Service, Inc.*, 820 F.Supp. 366, 367-68 (N.D. Ill. 1993), citing *Vantallell-Matin v. Nelson*, 741 F.Supp. 698 (N.D. Ill. 1990). "By pleading the exact language at issue, a defamation plaintiff provides the defendant with the information s/he needs to respond appropriately." *Id.*; *Woodard v. American Family Mutual Ins. Co.*, 950 F.Supp. 1382, 1388 (N.D. Ill. 1997)(libel claim dismissed where plaintiff failed to "specifically identify the alleged false statements."); *Seaphus v. Lilly*, 691 F.Supp. 127, 134 (N.D. Ill. 1988)(defamation claim dismissed in absence of allegations of any specific statements made by defendants).

Where the basis for the action is as amorphous and undefined as this, even the cases Plaintiffs cite conclude that the allegations are insufficient to state a claim for defamation:

> Numerous courts in this district have applied a *haec verba* pleading requirement in defamation actions under which a complainant must set forth the alleged defamatory words that were spoken or published. *See. e.g.,Cozzi v. Pepsi-Cola General Bottlers, Inc.,* No. 96 C 7228, 1997 WL 312048, at *5 (N.D.Ill. June 6, 1997); *Silk v. City of Chicago,* No. 95 C 0143, 1996 WL 312074 (N.D.Ill. June 7, 1996)."The rationale of the [haec verba] requirement is that 'general knowledge of the exact language used is necessary to form a responsive pleading." ' *Cozzi,* 1997 WL 312048, at *5 (quoting *Vantassell-Matin v. Nelson,* 741 F.Supp. 698, 707 (N.D.Ill.1990)). Courts applying this requirement, however, have held that the defamatory language need not be quoted verbatim. *Id.* Rather, an allegation is sufficiently specific if it allows the defendant to understand the nature of the claim and form a responsive pleading. *Socorro v. IMI Data Search, Inc.,* No. 02 C 8120, 2003 WL 1964269, at *3 (N.D.Ill. April 28, 2003) (citing *Wynne v. Stevenson,* No. 02 C 5263, 2002 WL 31804497, at *2 (N.D.Ill.Dec.13, 2002)).

*Wilton Partners III v. Gallagher,* 2003 WL 22880834, at *5 (N.D. Ill.)

In *Wilton Partners,* a case relied upon by Plaintiffs, the allegations bore some resemblance to those made in this case:

3

> [D]efendants 'knowingly and intentionally made false statements about Tim Gallagher and FEPC' to third parties, including, but not limited to, CVS Corporation, the Village of Arlington Heights, CB Richard Ellis, Trapani Companies, Leonardo Companies, Jos. Freed Associates, and Corrigan and Clark. According to the amended counterclaim and third party complaint:
>
>> Among other things, [counter-and third party defendants] advised one or more of the above-referenced entities that Gallagher and FEPC were engaged in illegal or wrongful conduct; misappropriated or stole information belonging to Wilton; misrepresented themselves in proposals to one or more of the above-referenced entities or were otherwise lacking in business integrity.
>
> *Wilton Partners,* at *2-3.

The court in *Wilton Partners* granted a motion to dismiss and required the Plaintiff in that case to set forth the actual content of the alleged defamatory statements, the context in which they were allegedly made and the identities of the speakers and the individuals to whom they were made. *Id.,* at 6. These particulars are required here, too.

A review of the decisions cited by Plaintiffs reveals that in each case, the allegations were either found to be insufficient (*Wilton Partners*) or were accepted because they were far more informative than the general allegations here. In *Chisholm v. Foothill Capital Corp.*, 940 F.Supp. 1273, 1284 (N.D. Ill. 1996), the defendant was alleged to have told business associates that Plaintiff was fired for "double-dealing" between his former employer and a company her husband controlled. In *Guy v. State of Illinois,* 958 F.Supp. 1300, 1312 (N.D. Ill. 1997), the Defendant was alleged to have told co-workers about the events leading to her termination, and to have issued press releases about her termination asserting that it was for professional incompetence. In *Landmark Document Services, LLC v. Omega Litigation Solutions, LLC*, 2006 WL 2861098 at *3 (N.D.Ill.), the decision rested on the fact that the complaint alleged defamatory statements of incompetence and described the third parties to whom they were made; the only basis of the motion was that the timing of the statements was not provided.

4

That Plaintiffs had no difficulty in identifying a number of specific communications allegedly made suggests two possibilities with respect to communications not specifically alleged in the Complaint. One, that Plaintiffs' investigation has revealed no evidence of any specific statements other than those cited, or two, that Plaintiffs wish to avoid testing such statements for whether they constitute defamation.

Plaintiffs' claims depend upon showing that specific defamatory communications are actionable, as is illustrated by all of the decisions resolving the question. For example, in *Naeemullah v. Citicorp Services, Inc.,* 78 F.Supp.2d 783, 790-92 (N.D. Ill. 2001), the court reviewed nine defamatory statements and various republications of them to decide the question. Thus a communication-by-communication review is the appropriate approach to these claims.

### B.     Interference Allegations Are Insufficient

The broad-brush allegations of interference with contract, as relied upon by Plaintiffs in responding to this motion, are plainly insufficient, as they consist of nothing more than the formulaic recitation of the elements of the cause of action without any specification of what third party Defendant Cinar contacted, what she stated to that third party, and how that resulted in a loss of business from that third party. It is not even alleged that where parties were allegedly contacted by persons *other than* Defendant Cinar, those particular customers (Hexion and Celanese) and suppliers (Nantong Lianraong Group and Superpacking) refused to do business with Plaintiffs as a result of the contacts.

The identification of specific third parties who refused to do business with the Plaintiff is required to establish a claim for interference with contract or prospective economic advantage, as the court observed in *Uline, Inc. v. JIT Packaging, Inc.,* 437 F.Supp.2d 793, 800-1 (N.D. Ill. 2006)(summary judgment decision). In that case, the particular setting (internet commerce)

5

made it difficult to identify specific third parties, but the court required it nonetheless. The practical difficulties presented in *Uline* are not present here, as Plaintiffs claim that the third parties are those it had long dealt with. They offer no explanation for their apparent inability to identify them specifically. Without knowing who she supposedly contacted, how she supposedly interfered and what the supposed harm to Plaintiff is, Defendant Cinar cannot reasonably be expected to respond to the allegations.

## II. NO SUFFICIENT ALLEGATION OF DEFAMATION PER SE BY CINAR

No argument is advanced for how this alleged action could represent a defamatory communication; indeed, it is not even alleged to have been defamatory. (Complaint, ¶¶104-105)

## III. NO SUFFICIENT ALLEGATION OF LIBEL *PER QUOD* BY CINAR

The Complaint fails to identify a single specific loss that resulting from any of the alleged defamatory communications. Rule 9(g) requires that if an item of special damages is claimed, it must be specifically stated, and there is no such itemization. Thus, no claim of libel *per quod* has been sufficiently alleged here.

## IV. NO SUFFICIENT ALLEGATION OF TORTIOUS INTERFERENCE

Any communications Cinar had with the Sunjut A.S. branch offices cannot be considered communications with any third party. Nowhere in the Complaint is there any allegation that Cinar directly communicated to a third party with whom Plaintiffs are alleged to have had a contractual or other business relationship. Without any such allegation, there simply can be no interference. With the essential element of a third party interference missing from claims for tortious interference with prospective economic advantage and tortious interference with contract, Counts V and VII fail to state a claim against Cinar upon which relief may be granted. These counts should be dismissed.

6290854v1 876159

As has previously been argued, liability for tortious interference requires an act immediately directed *at a third party*. *George A. Fuller Co.*, v. *Chicago College of Osteopathic Medicine,* 719 F.2d 1326, 1331 (7th Cir. 1983) (emphasis added). Similarly, "[t]o support such a cause of action it is necessary to establish that an *outsider* has "maliciously" and "without lawful cause or justification" induced a breach of contract or an interference with or termination of a recognized contractual relation." *Id.*, citing *Loewenthal Securities Co. v. White Paving Co.*, 351 Ill. 285, 184 N.E. 310, 315 (1932) (emphasis added).

Contrary to Plaintiffs' assertion in the response that an internal communication is actionable interference, the court in *Drury v. Sanofi-Synthelabs, Inc.,* 292 F.Supp.2d 1068, 1071 (N.D. Ill. 2003) held that a communication by one individual within a company to another is not actionable interference, at least not without an assertion that the action was taken for a reason antagonistic to the interests of the company, which is not alleged here. Moreover, there is no claim that the European branches of Sunjut A.S. had any contractual or prospective economic relationship with Plaintiffs that could be interfered with, as is required, *Cody v. Harris,* 409 F.3d 853, 859 (7th Cir. 2005). The interference claim against Defendant Cinar must, therefore, fail.

### V. CONCLUSION

For the reasons stated, Defendant Cinar requests dismissal of the claims asserted against her in this action.

Dated: March 4, 2008

        Respectfully submitted,

        HINSHAW & CULBERTSON LLP


By: <u>s/Michael J. Leech</u>
     Michael J. Leech

Michael J. Leech
Kourtney A. Mulcahy
Evan D. Brown
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000

6290854v1 876159

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to Local Rule 5.5, service of the foregoing was accomplished upon all Filing Users pursuant to the Court's Electronic Case Filing system on March 4, 2008.

/s/Michael J. Leech

6290854v1 876159